```
IN THE UNITED STATES DISTRICT COURT FOR
     THE SOUTHERN DISTRICT OF GEORGIA
              SAVANNAH DIVISION
```

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v.                      ) | CASE NO. CR416-154 |
| ) | |
| TERIN MOSS,             ) | |
| ) | |
| Defendant.          ) | |
| _____) | |

## O R D E R

Before the Court is Defendant Terin Moss's Motion for Sentence Reduction under 18 U.S.C. § 3582(c)(1)(A) (Doc. 75), which the Government has opposed (Doc. 78). For the following reasons, Defendant's motion (Doc. 75) is **DISMISSED IN PART** and **DENIED IN PART**.

### BACKGROUND

In August 2016, Defendant pled guilty to being a felon in possession of ammunition, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). (Doc. 37.) Defendant was sentenced to 180 months' imprisonment. (Doc. 48 at 2.) On April 4, 2019, a panel of the Eleventh Circuit vacated Defendant's sentence and remanded this case for resentencing, holding that Defendant's Georgia conviction for aggravated assault did not qualify as a violent felony under the elements clause of the Armed Career Criminal Act ("ACCA"). (Doc. 66 at 14.) However, on April 19, 2019, the Eleventh Circuit withheld issuance of the mandate in Defendant's appeal. (Doc. 67

at 2.) On July 15, 2019, the Eleventh Circuit vacated its panel opinion and ordered that Defendant's case be reheard en banc. United States v. Moss, 928 F.3d 1340, 1340 (11th Cir. 2019). Then, on December 3, 2019, the Eleventh Circuit suspended further action in Defendant's appeal pending the United States Supreme Court's decision in Walker v. United States, No. 19-373.[1] (Doc. 73 at 1.) At this time, the Eleventh Circuit's suspension of Defendant's appeal remains in effect.[2]

---

[1] The Supreme Court dismissed certiorari in Walker after the petitioner died. See United States v. Moss, No. 17-10473 (11th Cir. Feb. 11, 2020). Subsequently, the Supreme Court granted certiorari in Borden v. United States, 140 S. Ct. 1262, 206 L. Ed. 2d 253 (2020), which involves the same issue as Defendant's appeal.

[2] Generally, the filing of a notice of appeal divests the district court of jurisdiction "over those aspects of the case involved in the appeal." Thompson v. RelationServe Media, Inc., 610 F.3d 628, 638 n.14 (11th Cir. 2010). As highlighted by the Government, this Court is without jurisdiction to consider Defendant's motion for sentence reduction because Defendant's appeal remains pending. See United States v. Campbell, --- F. Supp. 3d ----, No. 6:06-CR-06105, 2020 WL 1958486, at *2 (W.D.N.Y. Apr. 21, 2020) ("Defendant[, in his motion for compassionate release,] is seeking a substantive modification to his sentence and this Court lacks the jurisdiction to grant this relief because of Defendant's pending appeal."). However, under Federal Rule of Criminal Procedure 37, the Court may issue an indicative ruling in such circumstances. See United States v. Green, No. CR 416-059, 2020 WL 5733200, at *1 (S.D. Ga. Sept. 24, 2020). Under Rule 37, where a timely motion is made for relief that the court lacks authority to grant because of a pending appeal, the district court may "defer considering the motion; deny the motion; or state either that it would grant the motion if the court of appeals remands for that purpose or that the motion raises a substantial issue." Fed. R. Crim. P. 37. Because the Court would deny Defendant's § 3582(c) motion if he had not filed a notice of appeal, in the interests of judicial economy, the Court reaches the merits, pursuant to Rule 37, and denies the motion.

According to the Federal Bureau of Prisons' ("BOP") website, Defendant is currently incarcerated at Federal Correctional Institution ("FCI") Jesup located in Jesup, Georgia, with a projected release date of July 20, 2029. See BOP Inmate Locator, Federal Bureau of Prisons, https://www.bop.gov/inmateloc/ (last visited on February 11, 2021).

**ANALYSIS**

Defendant seeks compassionate release under 18 U.S.C. § 3582(c)(1)(A) due to the COVID-19 pandemic and, in the alternative, requests to be placed on home confinement. (Doc. 75 at 1, 16.) The Government opposes Defendant's request, arguing that the factors set forth in 18 U.S.C. § 3553(a) weigh against releasing Defendant. (Doc. 78 at 1.) The Court finds that Defendant's motion is due to be dismissed in part and denied in part.

I.  HOME CONFINEMENT

First, to the extent Defendant is seeking an order from this Court placing him on home confinement, his request is due to be dismissed. A request for home confinement under the Coronavirus Aid, Relief, and Economic Security Act ("CARES Act"), Pub. L. No. 116-136, enacted on March 27, 2020, is different than a request for sentence reduction based upon compassionate release. Under Section 12003(b)(2) of the CARES Act, if the Attorney General finds that emergency conditions will materially affect the functioning

3

of the BOP, the BOP is permitted to "lengthen the maximum amount of time for which the Director is authorized to place a prisoner in home confinement under the first sentence of section 3624(c)(2) of title 18, United States Code, as the Director determines appropriate." United States v. Allen, No. 2:14-cr-024, 2020 WL 2199626, at *1 n.1 (S.D. Ga. May 6, 2020). Thus, the BOP is utilizing its authority under 18 U.S.C. § 3624(c)(2) and 34 U.S.C. § 60541—not the compassionate release provision of 18 U.S.C. § 3582(c)—to effectuate the Attorney General's directive to the BOP regarding home confinement in connection with the CARES Act. Id. at *1. This Court lacks the authority to order the BOP to release a prisoner on home confinement. See United States v. Calderon, 801 F. App'x 730, 731-32 (11th Cir. 2020) (explaining that under 34 U.S.C. § 60541(g)(1)(A) the Attorney General "may" release eligible elderly offenders, and the district court was without jurisdiction to grant relief); see also Allen, 2020 WL 2199626, at *1 ("These statutes do not authorize a federal court to order the BOP to release a prisoner."); United States v. Greene, No. CR 116-056, 2020 WL 3316987, at *1 (S.D. Ga. June 18, 2020). Thus, to the extent Defendant is seeking an order from this Court placing him on home confinement, Defendant's motion is **DISMISSED.**

## II. COMPASSIONATE RELEASE

### A. Eligibility for Compassionate Release

Defendant seeks compassionate release under 18 U.S.C. § 3582(c)(1)(A) due to his medical conditions and the COVID-19 pandemic. (Doc. 75 at 16.) 18 U.S.C. § 3582(c)(1)(A) provides that the Court can reduce the term of imprisonment upon

> motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier . . . .

Additionally, 28 C.F.R. § 571.61 requires an inmate seeking a compassionate release to submit a written request to the prison's warden. At a minimum, the inmate's request must contain "[t]he extraordinary or compelling circumstances that the inmate believes warrant consideration" and "[p]roposed release plans, including where the inmate will reside, how the inmate will support himself/herself, and, if the basis for the request involves the inmate's health, information on where the inmate will receive medical treatment, and how the inmate will pay for such treatment." 28 C.F.R. § 571.61(a).

Under § 3582(c)(1)(A), a court may order a sentence reduction where the court determines, upon consideration of the factors set forth in 18 U.S.C. § 3553(a), that "extraordinary and compelling reasons" exist and the defendant does not present a danger to the

5

safety of any other person or the community. See U.S.S.G. § 1B1.13. In its consideration of compassionate release, the Court is constrained by the applicable policy statements issued by the United States Sentencing Commission. See 18 U.S.C. § 3582(c)(1)(A). The application notes to the applicable policy statement list three specific examples of extraordinary and compelling reasons to consider a reduction of sentence under § 3582(c)(1)(A): (1) a serious medical condition; (2) advanced age; and (3) family circumstances. U.S.S.G. § 1B1.13 n.1(A)-(C). A fourth catch-all category provides: "As determined by the Director of the Bureau of Prisons, there exists in the defendant's case an extraordinary and compelling reason other than, or in combination with," the aforementioned three categories. Id. n.1(D). For a medical condition to qualify as an extraordinary and compelling reason, the condition must "substantially diminish[] the ability of the defendant to provide self-care within the environment of a correctional facility and [is one] from which he or she is not expected to recover." U.S.S.G. § 1B1.13, n.1(A)(ii).

As highlighted by the Government, Defendant has fully exhausted his administrative remedies as required by § 3582(c)(1)(A). (Doc. 78 at 3 n.3.) Defendant submitted a reduction in sentence ("RIS") request to the Warden of FCI Jesup on June 29, 2020 (Doc. 75 at 13), and the Warden denied his request on September 15, 2020 (Doc. 75 at 14-15). See United States v.

6

Cooper, No. 1:15-CR-00223, 2020 WL 6145109, at *2 (N.D. Ga. Sept. 11, 2020) (finding the defendant satisfied the § 3582(c)(1)(A) exhaustion requirement by filing his motion for compassionate release after the warden of his facility denied defendant's request for compassionate release). Because Defendant has exhausted his administrative remedies, the Court will now consider whether Defendant has presented extraordinary and compelling reasons justifying release.

In seeking compassionate release, Defendant claims that he suffers from obesity, hypertension, and "chronic nasal and sinus illness," and that these conditions place him at a greater risk of experiencing serious complications from COVID-19. (Doc. 75 at 5, 16.) The Court has reviewed Defendant's medical records and the Warden's denial of Defendant's RIS request and these documents confirm that Defendant suffers from obesity.[3] The Court highlights that, "the Government agrees that, under the circumstances of COVID-19, [Defendant's] obesity sets forth an 'extraordinary and compelling' reason for purposes of § 3582(c)(1)(A) and § 1B1.13, application note 1(A)(ii)(I)." (Doc. 78 at 15.) Accordingly, the Court finds Defendant has presented an extraordinary and

---

[3] The CDC defines obesity as a BMI of at least 30 but less than 40. See United States v. Riggs, No. CR618-014-09, 2020 WL 7066325, at *1 n.1 (S.D. Ga. Dec. 2, 2020). According to the Warden's response on September 15, 2020, Defendant's BMI was most recently measured at 32.1. (Doc. 75 at 14.)

7

compelling reason for compassionate release. Nevertheless, the Court finds that Defendant's motion (Doc. 75) should be denied based on the factors set forth in 18 U.S.C. § 3553(a).

B. <u>Consideration of the § 3553(a) Sentencing Factors</u>

Although Defendant suffers from a qualifying medical condition, the Court finds that the factors set forth in 18 U.S.C. § 3553(a) weigh against releasing Defendant. In considering a defendant's motion pursuant to 18 U.S.C. § 3582(c)(1)(A), the Court must consider the factors set forth in § 3553(a). Section 3553(a) provides the following factors for the Court's consideration:

1) the nature and circumstances of the offense and the history and characteristics of the defendant;
2) the need for the sentence imposed—
   A. to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
   B. to afford adequate deterrence to criminal conduct;
   C. to protect the public from further crimes of the defendant; and
   D. to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;
3) the kinds of sentences available;
4) the kinds of sentence and the sentencing range established . . .;
5) any pertinent policy statement . . .;
6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and
7) the need to provide restitution to any victims of the offense.

Courts may, even after finding a defendant eligible for compassionate release, find that the § 3553(a) factors weigh

against release. See United States v. Chambliss, 948 F.3d 691, 694 (5th Cir. 2020) (affirming a district court's denial of a defendant's motion for compassionate release where the district court found that, although the defendant had an extraordinary and compelling reason for compassionate release, the § 3553(a) factors weighed against a sentence reduction); United States v. Rodd, 966 F.3d 740, 748 (8th Cir. 2020) (affirming a district court's denial of a defendant's motion for compassionate release based on the § 3553(a) factors); United States v. Pawlowski, 967 F.3d 327, 331 (3d Cir. 2020) (same); United States v. Kincaid, 802 F. App'x 187, 188 (6th Cir. 2020) (same).

In August 2016, Defendant pled guilty to being a felon in possession of ammunition, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). (Doc. 37.) During Defendant's sentencing hearing, the Court found that Defendant's guidelines range was 180 to 210 months', but the Court determined that 180 months' imprisonment was sufficient to adequately reflect the seriousness of the offense (Doc. 60 at 14, 24.)

Although the Court is sensitive to the concerns that Defendant has for his health and safety amid the COVID-19 pandemic, the Court finds that a reduction in his sentence is not warranted at this time. Reducing Defendant's sentence would not promote respect for the law or provide adequate deterrence to future criminal conduct. Defendant has an extensive criminal history, including convictions

for possession of cocaine with intent to distribute, aggravated assault, possession of a firearm by a convicted felon, possession of a controlled substance, obstruction, and fleeing to attempt to elude police officers. (Id. at 22-23.) Yet, Defendant's substantial criminal history has not deterred him from criminality. As the Court noted at Defendant's sentencing, each time Defendant has been placed on probation, Defendant has violated the terms and conditions of his probation and, as a result, had his probation revoked. (Id. at 23.) The Court noted that "[D]efendant's reluctance to refrain from criminal conduct after his extensive history of convictions and terms of incarceration illustrates the danger that the defendant represents to the community." (Id. at 25.)

The Court also finds that reducing Defendant's sentence would not reflect the seriousness of the offense or provide just punishment. At this time, Defendant has at least eight years remaining on his sentence. See United States v. Jackson, No. 3:15-cr-185-J-34PDB, 2021 WL 62494, at *2 (M.D. Fla. Jan. 7, 2021) (finding that the § 3553(a) factors do not support a reduction in defendant's sentence, in part, because defendant had eight years remaining on his sentence). Consequently, the Court finds that the § 3553(a) factors weigh against reducing Defendant's sentence.

## CONCLUSION

For the foregoing reasons, Defendant's Motion for Sentence Reduction (Doc. 75) is **DISMISSED IN PART** and **DENIED IN PART**.

SO ORDERED this 11th day of February 2021.

_____
WILLIAM T. MOORE, JR.
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA